IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH P. CLOUTE,

|  |  |
|---|---|
| Plaintiff, | OPINION AND ORDER |
| v. | |
| | 10-cv-578-wmc |
| I-FLOW CORPORATION, DJO, LLC, and DJO INCORPORATED, | |
| Defendants. | |

---

In this civil action, plaintiff Joseph P. Cloute claims that the three named defendants -- I-Flow Corporation, DJO, LLC and DJO Incorporated -- manufactured and distributed a pain pump that was implanted in Cloute's shoulder and resulted in serious and permanent cartilage damage.  (Am. Compl. (dkt. #30).)  Cloute alleges several causes of action against defendants, all of which are premised on state law, and subject matter jurisdiction solely on grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  (*Id.* at ¶ 13.)  Because the allegations in the complaint are insufficient to determine whether complete diversity actually exists between the parties, Cloute will be given an opportunity to file an amended complaint containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction."  *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be

1

dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff alleges in its complaint that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Am. Compl. ¶¶ 13, 15.) For the latter to be true, however, there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Since "the citizenship of an LLC is the citizenship of each of its members," plaintiff has not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, plaintiff's complaint lacks *any* allegations regarding the names or the citizenship of any of defendant DJO, LLC's members.

Instead, plaintiff alleges DJO, LLC is a "Delaware corporation[] with [its] principal place of business located at 1430 Decision Street, Vista, California 92081." (Am. Compl. ¶ 11.) The Seventh Circuit had advised repeatedly that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *See, e.g., Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, Cloute will be given leave to file within 14 days an amended complaint establishing subject matter

jurisdiction by alleging the names and citizenship of each member of DJO, LLC.   In alleging the LLC's citizenship, plaintiff should keep in mind that if the member or members of LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged:   "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

## ORDER

IT IS ORDERED that:

1) plaintiff shall have until April 22, 2011, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 8th day of April, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3